IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JUSTIN DENLEY, | Case No. 6:25-cv-02018-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| AUGUSTA SPORTSWEAR, INC., *doing business as* Momentec Brands, | |
| Defendant. | |

MCSHANE, Judge:

Plaintiff Justin Denley brings this action for unpaid overtime wages and penalties under Oregon law.[1] Notice of Removal Ex. A ("Compl."), at ¶¶ 27–33, ECF No 1-1. Defendant moves to dismiss the portion of Plaintiff's claim that is allegedly time-barred and his claim for multiple penalties under Oregon Revised Statute ("ORS") § 652.150. Mot. Dismiss 1–2, ECF No. 3.

As Plaintiff's claim for unpaid overtime wages prior to September 9, 2023 may be subject to equitable tolling and because Oregon law prohibits stacking overtime wage penalties, Defendant's Motion, ECF No. 3, is **GRANTED IN PART**.

/ / / /

/ / / /

---

[1] Plaintiff asserts three claims for relief under both state and federal law. Notice of Removal Ex. A ("Compl."), ECF No. 1-1. Defendants move to dismiss only portions of the first one. Mot. Dismiss 3, ECF No. 3. In his First Claim for Relief, Plaintiff seeks backpay for overtime compensation under ORS § 653.055(1), which provides: "Any employer who pays an employee less than the wages to which the employee is entitled under ORS § 653.010 to § 653.261 is liable to the employee affected: (a) For the full amount of the wages, less any amount actually paid to the employee by the employer, **and** (b) For civil penalties provided in ORS § 652.150." Compl. ¶ 29.

1 – Opinion and Order

## BACKGROUND

Plaintiff Justin Denley began working for Defendant's predecessors in interest in August 2014 as an Information Technology Coordinator. Compl. ¶ 4. Defendant hired Plaintiff as a salaried employee, exempt from overtime wages. *Id.* ¶¶ 4, 6. Between August 2014 and February 2025, Plaintiff worked an average of 60 hours per week and received a consistent salary each month. *Id.* ¶¶ 4, 7. Because Plaintiff was ineligible for overtime pay, neither he nor Defendant recorded the exact hours he worked. *Id.* ¶ 8.

On February 14, 2025, Defendant notified Plaintiff that he had been "improperly classified" as an exempt employee and that he was to be paid overtime wages going forward. Compl. ¶ 13. Defendant confirmed that Plaintiff's job duties would remain the same, but he would receive "time and a half for the hours worked over 40 per week." *Id.* ¶ 18. Defendant then instructed Plaintiff to submit an estimate of the overtime backpay he was owed. *Id.* ¶ 21. Plaintiff "gave notice" of the estimate to Defendant and requested payment on two occasions, but never received backpay. *Id.* ¶ 22. Plaintiff alleges that Defendant failed to compensate him for any work performed beyond 40 hours per work week from August 2014 through February 15, 2025. *Id.* ¶ 28.

Plaintiff filed his Complaint in Lane County Circuit Court on September 9, 2025, asserting claims under state law and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 203–19. Compl. ¶¶ 27–42. Defendant timely filed a Notice of Removal based on both federal question and diversity jurisdiction. Notice of Removal ¶¶ 6–7, ECF No. 1. Before the Court is Defendant's partial Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) challenging portions of Plaintiff's First Claim for Relief. Mot. Dismiss 1–2.

/ / / /

/ / / /

## LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the "factual content" allows the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The well-pleaded facts must present more than "the mere possibility of misconduct . . . ." *Id.* at 679.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe them in the light most favorable to the non-movant. *E.g., Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Upon dismissing a plaintiff's complaint, a court should permit amendment unless "the pleading could not be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## DISCUSSION

Defendant moves to dismiss part of Plaintiff's First Claim for Relief seeking unpaid overtime wages, arguing that those accruing before September 9, 2023 are outside the statute of limitations. Mot. Dismiss 4.[2] Defendant also avers that Plaintiff impermissibly stacks penalties for each individual nonpayment of overtime wages. *Id.* 5.

/ / / /

/ / / /

---

[2] Defendant does not challenge Plaintiff's claim for unpaid overtime wages accruing after September 9, 2023 for the purposes of this Motion. Mot. Dismiss 4 n.2.

**I.     ORS § 12.110(3) does not contain a discovery rule under Oregon law, but Plaintiff's claim for unpaid wages may be subject to equitable tolling.**

Whether Defendant owes Plaintiff $459,062.86 for 10,400 hours of overtime work between August 2014 and February 15, 2025 partially turns on whether Plaintiff's claim is timely under Oregon law. Compl. ¶¶ 28, 30; *see also Crowe v. Wiltel Commc'ns Sys.*, 103 F.3d 897, 899 (9th Cir 1996) (explaining that federal courts exercising supplemental jurisdiction over state law claims shall apply state substantive law).

Oregon law provides that "[a]n action for overtime or premium pay or for penalties or liquidated damages for failure to pay overtime or premium pay shall be commenced within two years." ORS § 12.110(3); *see also Rowe v. Laidlaw Transit, Inc.*, 244 F.3d 1115, 1119 (9th Cir. 2001) (finding that plaintiff's claim for overtime compensation was time-barred because "[u]nder Oregon law, the statute of limitations for overtime compensation claims is two years."); *Athena v. Pelican Brewing Co.*, 345 Or.App. 172, 190 (2025) (noting that "actions for overtime pay and associated penalties must be commenced within two years, ORS [§] 12.110(3)."). On its face, Oregon's statute of limitations for overtime compensation claims bars Plaintiff's claim for unpaid wages accruing before September 9, 2023—two years before he brought suit.

The inquiry does not end with the statute's express language. Plaintiff argues that ORS § 12.110(3) incorporates a discovery rule in its limitations period. Pl.'s Resp. to Mot. Dismiss 1, ECF No. 5. Oregon's discovery rule "is a rule of interpretation of statutes of limitation[s] that has the effect of tolling the commencement of such statutes under certain circumstances." *Rice v. Rabb*, 320 P.3d 554, 556 (Or. 2014) (citation omitted). A discovery rule in ORS § 12.110(3) would toll the limitations period until Plaintiff "knew or reasonably should have known" that he was entitled to overtime wages. *Hathaway v. B & J Prop. Invs., Inc.*, 577 P.3d 737, 739 (Or. 2025).

"The existence of a discovery rule cannot be assumed, but rather must be embodied in the applicable statute of limitations." *Rice*, 320 P.3d at 557. The Court must discern whether the legislature "'intended to incorporate a discovery rule'" in ORS § 12.110(3) using Oregon statutory methodology. *Hathaway*, 577 P.3d at 740 (quoting *Rice*, 320 P.3d at 557). Since ORS § 12.110(3) contains no express discovery rule, the Court examines "the text in context" and legislative history to determine whether a discovery rule is "nonetheless 'embodied'" in the statute. *Hathaway*, 577 P.3d at 741.

Plaintiff asserts that ORS § 12.110(3)'s placement in Chapter 12 was a "deliberate choice by the Legislature" and allows this Court to infer a discovery a rule. Pl.'s Resp. to Mot. Dismiss 9. But the Oregon Supreme Court in *Hathaway* held that a provision's placement in Chapter 12 is not sufficient to infer the Legislature's intent to incorporate a discovery rule. 577 P.3d at 742, 745. There, the court found that the Office of Legislative Counsel placed the statute at issue—also lacking an express discovery rule—in Chapter 12 for organizational reasons. *Id.* at 745. The Office of Legislative Counsel's decision "has no interpretive import." *Id.*

Unlike the statute under discussion in *Hathaway*, ORS § 12.110(3)'s legislative history reveals that the Legislature deliberately placed the statute in Chapter 12 for reasons other than administrative convenience. Diesko Decl. Ex. 9, at 7, ECF No. 9-9.[3] For instance, Representative Wilderman recommended that the state statute of limitations for overtime pay actions should be two years to align with the FLSA. *Id.* The Oregon Senate agreed in a Judiciary Committee meeting on the Bill. *Id.* 10.

---

[3] H.B. 191 moved the limitations period for overtime actions from ORS § 12.120 to § 12.110 and changed the time to commence an action from one year to two years. H.B. 191, House Judiciary Comm., 49th Legis. Session (Or. Jan. 28–Mar. 25, 1957).

Nonetheless, legislative history counsels against finding a *discovery rule* in ORS § 12.110(3) because the FLSA itself does not incorporate one. *E.g.*, *Gessele v. Jack in the Box, Inc.*, 6 F.Supp.3d 1141, 1151 (D. Or. 2014) (explaining that only one district court—in the Tenth Circuit—has ever applied a discovery rule to the FLSA); *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir. 1993) (stating that statutes of limitations in the FLSA start running the day the employee does not receive overtime pay); *Haro v. City of L.A.*, 745 F.3d 1249, 1258 (9th Cir. 2014) (distinguishing the FLSA's two-year statute of limitations when overtime pay is unlawfully withheld from the statute's three-year limitations period that applies when a violation is "willful").

However, the existence of a discovery rule is not dispositive because *equitable tolling* may save Plaintiff's claim for overtime wages accruing since August 2014. *E.g., Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 95 (1990) (citation omitted) (statutes of limitations are "customarily subject to equitable tolling."). Plaintiff did not raise an equitable tolling argument. And while courts "normally decide only questions presented by the parties," this principle "is supple, not ironclad." *United States v. Sineneng-Smith*, 590 U.S. 371, 376 (2020) (citation omitted); *see also United States v. Turchin*, 21 F.4th 1192, 1199–1200 (9th Cir. 2022) (holding that consideration of an embedded sub-issue on which there was supplemental briefing was necessary to avoid manifest injustice). Though the parties have not briefed equitable tolling, the question here—raised by the parties—is whether Plaintiff's claim for unpaid overtime wages is time-barred.

Courts have found that equitable tolling applies to statutes of limitations in the FLSA. *E.g., Cruz v. Maypa*, 773 F.3d 138, 146–47 (4th Cir. 2014) (extending equitable tolling to claims brought under the FLSA because, without a tolling rule, employers "could hide the fact of their violations from employees until any relevant claims expired."); *Partlow v. Jewish Orphans' Home of S. Cal., Inc.*, 645 F.2d 757, 760 (9th Cir. 1981), *abrogated on other grounds by Hoffman-*

*LaRoche, Inc. v. Sperling*, 493 U.S. 165 (1989) (noting that the statute of limitations in § 255 of the FLSA should be tolled "when equity warrants."). If ORS § 12.110(3)'s limitations period models that of the FLSA, it follows that claims arising under both statutes are subject to equitable tolling.

This Court has considered equitable tolling arguments for claims brought under both the FLSA and ORS § 12.110(3). *E.g., Hemming v. Decibels of Or., Inc.*, Civ. No. 1:17-cv-01624-MC, 2018 WL 664792, at *6–8 (D. Or. Feb. 1, 2018) (granting Plaintiff leave to amend his complaint to include sufficient factual allegations to raise a claim for equitable tolling "above the speculative level.").

The Court grants Plaintiff leave to file supplemental briefing on the issue of whether his claim for unpaid overtime compensation is subject to equitable tolling.

## II.  **Oregon state law does not permit Plaintiff's claim for multiple penalties for unpaid overtime wages.**

Plaintiff maintains that each instance of Defendant's failure to pay him overtime wages constitutes a "separate and distinct offense" for which he is owed a statutory penalty under ORS § 652.150(1). Compl. ¶ 32. Defendant asserts that courts have "considered and rejected stacking penalties against employers for their failure to pay overtime wages." Mot. Dismiss 6.

Oregon wage penalty law "is premised on the idea that an employee has but a single claim for penalty wages, the magnitude of which depends on the duration of the employer's continued failure to pay earned wages." *Russell v. U.S. Bank Nat. Ass'n*, 265 P.3d 1, 3 (Or. Ct. App. 2011) (clarifying that "[a]lthough the text of ORS 652.150 does not make the point explicitly, we believe that the statute's wording reflects a legislative intent to create a single, unitary claim for penalty wages."); *see also Cornier v. Paul Tulacz, DVM PC*, 30 P.3d 1210, 1212 (Or. Ct. App. 2001) (quoting *Davis v. Maxima Integrated Prods.*, 57 F.Supp. 2d 1056, 1059 (D. Or. 1999)) (reasoning

that "'penalties for failure to pay back wages and penalties for failure to pay overtime seek to remedy two distinct wrongs, thus justifying the imposition of *one* penalty for each violation.'" (emphasis added)); *Wilken v. Cascadia Behav. Health Care, Inc.*, No. CV 06-195-ST, 2007 WL 2916482, at *19–20 (D. Or. Oct. 5, 2007) (holding that ORS § 652.150(1) permits only one 30-day penalty for each "type" of employer misconduct).

If Plaintiff is correct that he is owed a separate penalty for each instance that he was not paid overtime, Defendant would be liable for $2,003,040.74 in penalties, plus prejudgment interest. Compl. ¶ 32. The statute does not contemplate a distinct penalty for every paycheck that excluded overtime wages because each "offense" stems from Plaintiff's initial misclassification as an exempt employee. *Id.* ¶¶ 21, 32.

Oregon law does not support Plaintiff's claim for multiple penalties stemming from Defendant's failure to classify him as a non-exempt employee—Plaintiff may not recover more than one 30-day overtime penalty. *E.g., Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)) (holding that "'Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.'").

## CONCLUSION

Arguments regarding whether Plaintiff's claim for unpaid wages from August 2014 through September 2023 is subject to equitable tolling may be instructive in resolving this Motion. Plaintiff has 14 days from the date of this Order to brief whether equitable tolling applies. Defendant then has 14 days to respond to Plaintiff's equitable tolling arguments.

As to Plaintiff's claim for multiple penalties, the Court finds that Oregon law does not permit stacking penalties for a single type of employer misconduct. Plaintiff may only claim a single penalty for unpaid overtime compensation. Accordingly, Defendant's partial Motion to

Dismiss, ECF No. 3, is **GRANTED IN PART**. The Court refrains from resolving Defendant's Motion as to Plaintiff's claim for unpaid overtime wages prior to September 9, 2023 until the issue is fully briefed.

IT IS SO ORDERED.

DATED this 28th day of January 2026.

                                                 _s/Michael J. McShane_
                                                     Michael McShane
                                             United States District Judge