IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JUSTIN DENLEY,

      Plaintiff,

      v.

AUGUSTA SPORTSWEAR, INC.,
*doing business as* Momentec Brands,

      Defendant.

Case No. 6:25-cv-02018-MC

OPINION and ORDER

_____

MCSHANE, Judge:

Plaintiff Justin Denley seeks unpaid overtime wages and penalties from his employer, Defendant Momentec Brands. Defendant moved to dismiss Plaintiff's overtime claim for pay periods prior to September 9, 2023, arguing they are time-barred under the two-year statute of limitations in ORS § 12.110(3). The Court requested supplemental briefing on whether equitable tolling saves what would otherwise be time-barred claims. Because equitable tolling is appropriate in light of the facts presented, Defendant's Motion to Dismiss Plaintiff's overtime claim for pay periods prior to September 9, 2023, Motion 1 in ECF No. 3, is **DENIED**.

## BACKGROUND

Plaintiff Justin Denley began working for Defendant's predecessors in interest in August 2014 as an Information Technology Coordinator. Notice of Removal, Ex. A ¶ 4, ECF No. 1-1 ("Compl."). Defendant hired Plaintiff as a salaried employee, exempt from overtime wages. *Id.*

1 – OPINION AND ORDER

Between August 2014 and February 2025, Plaintiff worked an average of 60 hours per week and received a consistent salary each month. *Id.* ¶¶ 4, 7.

On February 14, 2025, Defendant notified Plaintiff that he had been "improperly classified" as an exempt employee and that he was entitled to overtime wages going forward. *Id.* ¶ 13. Defendant confirmed that Plaintiff's job duties would remain the same, but he would receive "time and a half for the hours worked over 40 per week." *Id.* ¶ 18. Plaintiff alleges that Defendant failed to compensate him for any work performed beyond 40 hours per work week from August 2014 through February 15, 2025. *Id.* ¶ 28.

Plaintiff brought this action on September 9, 2025, asserting claims under state law and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 203–19. *Id.* ¶¶ 27–42. Defendant moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that the two-year statute of limitations in ORS § 12.110(3) had run on pay periods prior to September 9, 2023. Mot. Dismiss 1–2, 4, ECF No. 3. The Court held that § 12.110(3) does not contain a "discovery rule" and requested supplemental briefing on whether equitable tolling applies to Plaintiff's overtime claims for pay periods prior to September 9th, 2023. Op. & Order 4–7, Jan. 28, 2026, ECF No. 12.

## LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the "factual content" allows the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The well-pleaded facts must present more than "the mere possibility of misconduct." *Id.* at 679.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe them in the light most favorable to the non-movant. *E.g., Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## DISCUSSION

A court may dismiss a claim based on the statute of limitations only if no set of facts would "permit the plaintiff to prove that the statute was tolled." *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206–07 (9th Cir. 1995) (citation omitted). Here, because Plaintiff pleads a set of facts that could establish that the statute was equitably tolled, his claims for overtime compensation accruing before September 9, 2023—two years before he filed this action—survive dismissal.

Equitable tolling is appropriate when mechanical application of a statute of limitations would render injustice to a plaintiff who failed to comply with the limitations period. *See Holland v. Fla.*, 560 U.S. 631, 650 (2010). The doctrine applies when a plaintiff has been "pursuing his rights diligently" from the date "a reasonable person in [the plaintiff's] position [would have] notice that something was wrong." *Id.* at 649; *Bent v. Garland*, 115 F.4th 934, 942 (9th Cir. 2024) (quoting *Avagyan v. Holder*, 646 F.3d 672, 680 (9th Cir. 2011)).

If a "reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000), *overruled on other grounds by Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1194–96 (9th Cir. 2001). For example, in *Leorna v. U.S. Dep't of State*, the plaintiff filed an untimely complaint after the Department of State terminated her candidacy for employment. 105 F.3d 548, 551 (9th Cir. 1997). The court noted that, because the

plaintiff "had neither actual nor constructive notice of the filing period at [the time of termination]," the limitations period was tolled until the plaintiff retained counsel. *Id.* At that point, she had constructive notice. *Id.*

Here, accepting the facts in the Complaint as true, Plaintiff lacked actual or constructive notice of a possible overtime claim until Defendant notified him of his misclassification as an exempt employee. Prior to that point, Plaintiff did not have notice of a possible claim because a "reasonable person" in Plaintiff's position would rely on their employer to correctly classify them. At this stage, Plaintiff has successfully plead that § 12.110(3) was equitably tolled until Defendant notified him on February 14, 2025, that he was entitled to overtime pay.[1]

Plaintiff filed his complaint with the Lane County Circuit Court on September 9, 2025, roughly seven months after he gained actual or constructive notice of a possible overtime claim. Because seven months is within the two-year statute of limitations mandated by § 12.110(3), Plaintiff's overtime claims for pay periods prior to September 9, 2023, survive dismissal.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

---

[1] The 9th Circuit has applied equitable tolling to claims arising under the FLSA. *See Partlow v. Jewish Orphans' Home of S. Cal., Inc.*, 645 F.2d 757, 760 (9th Cir. 1981), *abrogated on other grounds by Hoffman-LaRoche, Inc. v. Sperling,* 493 U.S. 165 (1989). Because § 12.110(3) was modeled on the FLSA, it follows that equitable tolling may be applied to Plaintiff's claims subject to § 12.110(3). *See* Op. & Order 6–7, Jan. 28, 2026; *see also Hemming v. Decibels of Or., Inc.*, No. 1:17-cv-01624-MC, 2018 WL 664792, at *7–8 (D. Or. Feb. 1, 2018) (explaining this Court would consider equitably tolling § 12.110(3) had plaintiff alleged sufficient supporting facts).

4 – OPINION AND ORDER

## **CONCLUSION**

Because Plaintiff pleads a set of facts that could permit him to prove that ORS § 12.110(3) was equitably tolled, Defendant's Motion to Dismiss, Motion 1, ECF No. 3, is **DENIED**.


IT IS SO ORDERED.

DATED this 24th day of March 2026.

_____/s/ Michael McShane_____
Michael McShane
United States District Judge